# Tennessee C. I. &. R. R. Co. *v.*
# King, *pro ami.*

## *Damages for Injury to Employe.*

(Decided June 17, 1909.   40 South. 75.)

1. *Master and Servant; Injury to Servant; Proximate Cause;
Jury Question.*—Where it was the duty and the custom of the mine
owner to have both the superintendent and mine foreman to test the
roof of the mine for loose or dangerous rock before directing hitches
to be made to secure stations for the timber to support the roof,
and no test was made by the superintendent and the test made by
the foreman was of no value and injury resulted, it may be at-
tributed as well to the negligence of the superintendent in not mak-
ing the test as to the test of no value made by the foreman, and
hence, it cannot be said as a matter of law that the negligence of
the foreman alone caused the injury.

2. *Same; Contributory Negligence; Abstract Instructions.*—Where
the action was for injuries to a timberman in a mine caused by the
falling of rock from the roof and there was no evidence that the
timberman knew that the rock was likely to fall, a charge was prop-
erly refused as abstract which asserted that if at the time plaintiff
was engaged in digging a hitch in which a timber was to be set to
support the rock which fell on him he knew that the rock was likely
to fall, he could not recover.

3. *Same; Assumed Risk.*—An employe engaged in remedying an
unsafe condition in the plant or premises of the employer assumes
the risk of injury from such dangers as inhere in the business in
which he is engaged; he does not, however, assume risk incident to
the failure of his superiors to guard against danger which may be
guarded against by the exercise of ordinary care.

4. *Charge of Court; Argumentative Instructions.*—Charges assert-
ing in effect that the law takes into consideration the fact that an
employer may conduct his business in the way that a reasonably
prudent man, would conduct it; that accident may happen as the

result of which employes may sustain injury, and does not require the employer to guarantee employes against injury, but does require the employer to exercise due care that the employe be not injured, each defining due care, are properly refused as argumentative.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Martin King, by next friend, against the Tennessee Coal, Iron & Railroad Company. From a judgment in the sum of $400, the defendant appeals. Affirmed.

The facts are sufficiently stated in the opinion. The charge referred to as the basis of the third assignment of error is as follows: "If you believe from the evidence that at the time he was hurt plaintiff was engaged in digging a hitch in which a timber was to be set which was to support the rock which fell on plaintiff, and plaintiff knew it was for that purpose, and knew that the rock which fell on him was likely to fall, you must find for the defendant." The fourth assignment of error is based on the following charge: "The law takes into consideration the fact that, although an employer may conduct his business in the manner that a reasonably prudent man may conduct it, accidents may happen in the conduct of his business, as the result of which his employes may sustain injuries. It does not require of the employer to guarantee to the employe that in no event will he sustain personal injuries while in the performance of the work. It does require that the employer take due care that the employe be not injured. Due care it not absolute care. It is simply that degree of care which a reasonably prudent man exercises in the conduct of his business." The fifth assignment of error is based on the following charge: "Where an employe is engaged in making safe an unsafe condition in the plant or premises of his employer, and is injured while in the act of making safe such condition, and

knows of such unsafe condition, he cannot recover damages of his employer for injuries, sustained by him, caused by the defect he is engaged in remedying."

PERCY, BENNERS & BURR, for appellant. The court should have given the affirmative charge for defendant as to count. 7.—*Ala. C. C. & I Co. v. Hannon*, 47 South. 248; *Ga. Pac. Ry. Co. v. Davis*, 92 Ala. 307, and authorities cited in both cases. Charge 13 should have been given.—*Finalyson v. Utica M. & M. Co.*, 14 C. C. A. 493; *Dartmouth Spinning Co. v. Orchard*, 84 Jersey, 14; see generally Lebatt M. & S. sec. 29 and 269; *Sloss I. & Co. v. Knowles*, 129 Ala. 410.

DENSON & DENSON, for appellee. The court properly refused the affirmative charge. The good faith of Eddings and Pope in doing or failing to do their duty does not determine whether their conduct is negligent or not. —*Southern Ry. Co. v. Brown*, 125 Ala. 312; *H. A. & B. R. R. Co. v. Swope*, 115 Ala. 305; *R. & D. R. R. Co. v. Greenwood*, 99 Ala. 514; *Sloss-S. S. & I. Co. v. Hutchins*, 144 Ala. 226. Neither the plea of assumption of risk or of contributory negligence were interposed, and hence, charges based on that assumption are properly refused. —*R. & D. R. R. Co. v. Farmer*, 97 Ala. 142; *City D. Co. v. Henry*, 139 Ala. 167; *Foley v. Pioneer M. & M. Co*, 144 Ala. 183. Aside from this there was no evidence that the plaintiff knew the rocks were liable to fall.— *Woodward I. Co. v. Jones*, 80 Ala. 129. The other charges were argumentative and properly refused.—*A. G. S. v. Guest*, 144 Ala. 382; *Pullman Car Co. v. Krauss*, 145 Ala. 404.

SAYRE, J.—Plaintiff in the court below was a member of the timber gang in appellant's ore mine, and, while engaged in the performance of his duties, was in-

jured by a fall of rock. In the usual course of operating the mine, as its entries or headings were extended by the excavation of ore, timbers were set to shove up and support the roof. These timbers were put at approximately regular intervals of 10 to 12 feet. It was the business of the crew or gang of which the plaintiff was a member to set these timbers. Plaintiff was engaged in cutting a hitch. A hitch is a hole in the foot wall or floor of a mine to secure the station of a timber. The place where the hitch was being cut was just the place where a timber would be set in the ordinary operation of the mine. Eddins was bank boss, or mine foreman, and looked after the mine generally. His duties took him to all parts of the mine, which was composed of 15 or more headings. He directed when and where timbers should be set. Pope was foreman of the timber gang, set timbers as he was instructed by Eddins, and had authority to give orders to the plaintiff in the performance of his work. There was testimony to the effect that it was the duty of Eddins, whenever rock needed propping, before ordering the timber gang to prop the rock, to see whether it was safe to cut the hitch in which the timber was to be placed to support the rock. There was also evidence to the effect that it was Pope's duty to inspect the rock before proceeding to place the timber, to learn whether it could be safely timbered. We understand this evidence as to the duty of the superintendent of the mine and the foreman of the timber gang to mean that they were required by the rule of due care obtaining in the customary operation of similar and well-ordered mines to perform the functions which it ascribes to them. In the state of our knowledge on the subject of practical mining—not much aided by the evidence in the record—the facts detailed lead us to infer that the purpose of the superintendent's inspection and test was that he might give direction

whether loose rock was to be brought down before effort made to prop the roof; and in view of the discharge of blasts of powder or dynamite, repeated from time to time, we cannot characterize that as an excessive or unreasonable caution which requires the foreman of the timber gang to repeat the test when he comes afterwards to do the work. The method of the tests referred to was to sound the rock with a staff. Loose rock sounds drummy when tapped.

The seventh count charges that plaintiff's injury was caused by the negligence of Eddins in the exercise of his superintendence, in that he negligently caused the timber crew to engage in timbering up the rock without first causing the loose rock to be removed. Eddins gave the order that the timber be placed. He did not test the rock, but saw no indications that it was so loose as to require it to be brought down before the timber was placed. Appellant's argument that it should have had the general affirmative charge as to this count is based upon the undisputed fact that the foreman of the timber gang did test the rock. It proceeds: If the superintendent had tested it, and his test had shown a defective or dangerous condition, it would have been his duty to direct the foreman of the timber gang to have the defect remedied. just as he did direct him; and, it being the duty of the foreman also to make a test, the conclusion is that, on the proof, the negligence of the superintendent became immaterial. Plaintiff's injury must be laid to the negligence of the foreman as its proximate cause. It may be conceded that if the foreman of the timber gang had made such test as due care required when he came to set the timber, without discovering the dangerous condition of the rock, the failure on the part of the superintendent would be immaterial. In that event plaintiff's injury must be laid to inevitable accident. It

[Tennessee C. I. & R. R. Co. v. King, pro ami.]

was an occurrence which could not be foreseen or provided against by the exercise of due care. It was one of the risks of his employment, which he assumed, and for which the employer cannot be held liable. But the evidence in relation to the test made by the foreman was such as left it well open to the jury to find that the foreman's test was such as left it well open to the jury to find that the foreman's test was applied under circumstances which rendered it of no value—was, in effect, no test—in which case the jury was authorized to ascribe the plaintiff's injury to the successive co-operating negligence of superintendent and foreman, since due care on the part of either would have prevented his being set to work under the loose rock, instead of having it brought down before the hitch was cut and the prop placed in position, and to base its verdict upon the negligence of either. In other words, a case is presented in which there is evidence that due care required successive tests by two persons, but a test in fact by neither. The contention is that the injury resulting from failure of any test must be attributed as matter of law to the negligence of the last only. But we are of the opinion that as against the defendant, whose duty it was to have both tests made, the injury may be attributed as well to one as the other, and that there was no error in refusing the general charge as to either the seventh or eighth counts.

There was no error in the refusal to give the charge which is made the subject of the third assignment of error. There is no evidence in the record that plaintiff knew the rock was likely to fall. The charge was abstract.

The charge made the subject of the fourth assignment of error was properly refused. It was argumentative, and tended to distract the attention of the jury from the

proper issue: i. e., whether defendant's superintendent or foreman had been negligent.

Where an employe is engaged in making safe an unsafe condition in the plant or premises of his employer, he assumes the risk of injury from such dangers as inhere in the business in which he is engaged; but when superiors are under duty to guard the employe against dangers which may be guarded against in the exercise of due care, he may rely upon the performance of such duty by his superiors, and does not assume the risk of injuries which may be prevented by their exercise of due care. He does not assume the risks growing out of their negligence. The fifth assignment of error is without merit.

There is no error in the record, and the judgment of the court below is affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.


## Damages For Injury to Employe.

